JOHN W. JOHNSON, Respondent, v. JOHN J. CASSERLY et al., Defendants, Wyman, Partridge, & Company, James L. O'Donnell, and James F. Jordan, Appellants.

(163 N. W. 539.)

**Findings — conclusions — trial court — evidence sustains.**

Evidence examined and *held* to sustain the findings and conclusions of the trial court.

Opinion filed May 9, 1917.

Appeal from the District Court of Foster County, Honorable *J. A. Coffey,* Judge.

Affirmed.

*Edward P. Kelly* and *Fred B. Dodge,* for appellants.

Where one party claims a mistake was made in a writing, and the other party disputes such claim and says he understood and intended the contract, and where the precise purport may be honestly understood in different ways, a mutual mistake cannot be found, it must be either conceded, or so clearly established as to be substantially without dispute. Bishop v. Clay F. & M. Ins. Co. 49 Conn. 167; Adair v. Adair, 38 Ga. 49; Linn v. Barkey, 7 Ind. 69; Miner v. Hess, 47 Ill. 170; Schaefer v. Mills, 69 Kan. 25, 76 Pac. 436; Stockbridge Iron Co. v. Hudson Iron Co. 102 Mass. 45; Beard v. Hubble, 9 Gill, 420; Wall v. Meilke, 89 Minn. 232, 94 N. W. 688; Home F. Ins. Co. v. Wood, 50 Neb. 381, 69 N. W. 941; Danforth v. Philadelphia & C. M. Short Line R. Co. 30 N. J. Eq. 12; Henderson v. Stokes, 42 N. J. Eq. 586, 8 Atl. 718; Allison Bros. Co. v. Allison, 144 N. Y. 21, 38 N. E. 956; Donaldson

37 N. D.—3.

v. Levine, 93 Va. 472, 25 S. E. 541; Newton v. Holley, 6 Wis. 592; Meier v. Bell, 119 Wis. 482, 97 N. W. 186; 1 Elliott, Contr. §§ 109, 112; Farlow v. Chambers, 21 S. D. 128, 110 N. W. 94.

A writing will not be reformed unless there was a prior agreement so certain and definite a court might enforce it. Magee v. Verity, 97 Mo. App. 486, 71 S. W. 472; Bostwick v. Mutual L. Ins. Co. 110 Wis. 402, 67 L.R.A. 705, 89 N. W. 538, 92 N. W. 246; Wallace v. Chicago, St. P. M. & O. R. Co. 67 Iowa, 547, 25 N. E. 772; Martini v. Christensen, 60 Minn. 491, 62 N. W. 1127; Comp. Laws 1913, § 7202.

It is universally held under statutes like ours that the proof necessary in this class of cases must be clear, convincing, satisfactory, and specific. Jasper v. Hazen, 4 N. D. 1, 23 L.R.A. 58, 58 N. W. 454; Northwestern F. & M. Ins. Co. v. Lough, 13 N. D. 601, 102 N. W. 160; Little v. Braun, 11 N. D. 410, 92 N. W. 800; McGuin v. Lee, 10 N. D. 160, 86 N. W. 714.

*Engerud, Divet, Holt, & Frame,* for respondent.

However broad may be the terms of a contract, it extends only to those things concerning which it appears that the parties intended to contract, and particular clauses are subordinate to its general intent, and words in a contract which are wholly inconsistent with its nature, or with the main intention of the parties, are to be rejected. Comp. Laws 1913, §§ 5896, 5898, 5904, 5908, 5910, 5913.

Robinson, J. In this case the defendants Wyman, Partridge, & Company and its agents, O'Donnell and Jordan, appeal from a judgment in favor of the plaintiff, given by Judge Coffey in district court of Foster county.

O'Donnell and Jordan are merely nominal parties, as all their acts were done for their company. The complaint shows, and the facts are, John W. Johnson, the plaintiff, was the owner of a half section of land (N½—15—147—63). He sold it to John Casserly, taking back a mortgage for part of the purchase price, $3,285; that the debt and mortgage were given subject to a prior mortgage made by the plaintiff to the Benton County State Bank of Iowa for $3,000, which mortgage did not contain a power of sale; that there was also a second mortgage on the premises, made by the plaintiff to H. E. Beckwith, of Nebraska, to secure $2,700; that the debt had been reduced to $1,500,

and an agreement had been made between the plaintiff and Beckwith to release the mortgage on payment of $800 in cash and the conveyance of certain real estate to Beckwith. The plaintiff complied with that agreement. Yet Beckwith assigned the mortgage to the Security Bank Neligh, Nebraska, and the bank attempted to foreclose the mortgage by advertisement, though it contained no power of sale, and bid in the land for $1,687.63 and obtained a sheriff's certificate of sale; that after the deed to Casserly, Wyman, Partridge, & Company caused the land to be attached in an action against Casserly to recover $1,011. Then Casserly made to Wyman, Partridge, & Company a quitclaim deed of the land in the name of O'Donnell. Then O'Donnell requested the plaintiff to pay the sum due on the sheriff's void certificate of sale. The plaintiff refused and notified O'Donnell that he should have the mortgage satisfied without any payment, and that he had retained attorneys to bring an action to obtain the satisfaction of the mortgage and the cancelation of the sale certificate.

It was agreed between the plaintiff and O'Donnell that he, O'Donnell, should pay the sum due on the sale certificate, and on such payment the plaintiff should have and retain the right to recover from Beckwith the sum paid to him on such certificate, and damages, and in consideration of the same that plaintiff should give to O'Donnell a release and satisfaction of $2,000 on the Casserly mortgage. That O'Donnell made and presented to the plaintiff for signature a document which he claimed to be a true memorandum of said agreement; that the document read in one part that O'Donnell should pay and take up the Beckwith mortgage against said premises, and in another part that he might get an assignment of the sheriff's certificate of sale. Now it is manifest the plaintiff did not contract to release $2,000 on his mortgage without any consideration whatever, and a mere assignment of the sale certificate would be of no possible benefit to the plaintiff, and yet O'Donnell obtained an assignment of the sale certificate to himself, and then, by making an oral representation that he had complied with the agreement, he obtained a release of $2,000 on the Casserly mortgage. Then O'Donnell took a sheriff's deed of the land in the name of James F. Jordan and put it on record, and Jordan made a special warranty deed to O'Donnell. Then O'Donnell paid the Benton County Bank the amount due on its mortgage, $3,220.10, and took an assignment of

the mortgage to Jordan. Then he attempted to foreclose the mortgage by advertisement, though it did not contain a power of sale, and they bid in the land for $3,489.10.

The trial court gave judgment that the written instrument between the plaintiff and defendant O'Donnell be reformed to conform to the intention of the parties, and that the foreclosure of the Beckwith mortgage and the sale certificate issued thereon were void, and that the same should be canceled and annulled, and the mortgage discharged of record; and also that the attempted foreclosure of the Benton county mortgage and the sheriff's certificate of sale thereon issued are void.

The judgment was given for the foreclosure of the mortgage given by Casserly to the plaintiff. This statement of the facts shows conclusively that O'Donnell tried to play too smart, and that the judgment of the trial court is in all respects correct, and it is affirmed.

CHRISTIANSON, J. I concur in result.